

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00364-CV

**IN THE MATTER OF THE MARRIAGE OF A.L.F.L. AND K.L.L.**, and In the Interest of
K.A.F.L., a Child

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02421
Honorable Barbara Hanson Nellermoe, Judge Presiding

Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  August 29, 2014

I respectfully dissent to the panel's August 13, 2014 order granting the State of Texas's motion to lift the abatement and ordering the trial court to stay all proceedings in this matter.  I disagree that the interlocutory appeal filed by the State stays all trial court proceedings in this matter pending resolution of the appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8), (b) (West Supp. 2014).  Subsection 51.014(b) of the Texas Civil Practice and Remedies Code provides as follows:

> An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4) **or in a suit brought under the Family Code**, stays the commencement of a trial in the trial court pending resolution of the appeal.  An interlocutory appeal under Subsection (a)(3), (5), or (8) also stays all other proceedings in the trial court pending resolution of the appeal.

*See id.* § 51.014(b) (West Supp. 2014), added by Acts 2013, 83rd Leg., R.S., ch. 916 (H.B. 1366), § 1, eff. Sept. 1, 2013 (emphasis added).[1]  I believe the Legislature intended to exempt interlocutory appeals from the automatic stay provision in suits brought under the Family Code because of the possibility that a child is involved.  *See, e.g.,* TEX. FAM. CODE ANN. § 109.001 (West 2014) (permitting temporary orders during pendency of appeal); *id.* § 152.314 (West 2014) (prohibiting stay of order enforcing child custody determination pending appeal).  The case before this court is different from the same-sex divorce cases pending before the Texas Supreme Court because it involves a child born during the parties' legally-recognized marriage.  *Cf., In the Matter of the Marriage of J.B. & H.B.*, 326 S.W.3d 654 (Tex. App.—Dallas 2010, pet. granted); *State v. Naylor*, 330 S.W.3d 434 (Tex. App.—Austin 2011, pet. granted).  It is uncertain how long our abatement will remain in effect, and because of the stay, the trial court is prohibited from rendering any orders during that time, even those relating to the best interest of the child.  Surely, such a scenario does not benefit the child, who remains in limbo during the appellate process.  As such, I would have denied the State's motion to lift the abatement for the purpose of granting an emergency stay.

Rebeca C. Martinez, Justice

---

[1] Subsection 51.014(b) of the Texas Civil Practice and Remedies Code was amended two times on the same day in 2013. *See* Acts 2013, 83rd Leg., R.S., ch. 916 (H.B. 1366), § 1 and Acts 2013, 83rd Leg., R.S., ch. 1042 (H.B. 2935), § 4. Following the above-quoted amendment, Subsection 51.014(b) was amended to add that all other proceedings in the trial court are also stayed in Subsection (a)(12), but deleted the language relating to suits brought under the Family Code. None of the legislative history, however, indicates an intent to delete the language relating to suits brought under the Family Code. Rather, the legislative history reflects that the Legislature intended to add Subsection (a)(12) via the subsequent amendment. Because there is no precedent indicating which amendment controls, and because it appears that the Legislature intended to add, and not delete, the provision relating to suits brought under the Family Code, I rely on the amendment added by House Bill 1366.